Maude M. ANDERSON, Appellant
(Plaintiff below),

v.

Dan E. REES, L. M. Foster and Ray Walter-
scheid, County Commissioners of Laramie
County, William H. Harrison, M. L. Morris
and Richard Stephens as Election Inspec-
tors and the Town of Pine Bluffs, a munici-
pal corporation, Appellees (Defendants be-
low).

No. 3228.

Supreme Court of Wyoming.

July 14, 1964.

Henderson, Godfrey, Kline & Uchner,
Cheyenne, for appellant, in opposition to
petition for rehearing.

Maxwell E. Osborn, of Pattno, Osborn,
Norris & Smith, Cheyenne, for appellees,
in support of petition for rehearing.

Before PARKER, C. J., and HARNS-
BERGER, GRAY and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered
the opinion of the court.

Appellees' petition for rehearing claim-
ing newly discovered evidence, not available
at time of trial or prior to rendering deci-
sion by this court upon appeal, shows the
Town of Pine Bluffs was incorporated in
1909, but that the incorporation included
other lands than those shown by the 1886
plat of the original town which was the only
plat other than those of a "First Addition to
Pine Bluffs," filed July 21, 1908, and of
"Second Addition to Pine Bluffs," filed
February 15, 1909, when the Board of
County Commissioners of Laramie County,
Wyoming, on March 4, 1909, and April 9,
1909, considered the matter of the incorpo-
ration of Pine Bluffs.

Notwithstanding the critical point center-
ed upon by both parties was the validity
of the 1962 election, which was held for the
purpose of establishing Pine Bluffs as an
incorporated entity, the plaintiff's state-
ment of her position included the conten-
tion that irrespective of the validity of the
1962 election, plaintiff's property was not
validly included in the corporate limits es-
tablished by the 1962 election. Obviously
this contention is meaningless because
where an election to incorporate is invalid,
no corporate limits are established. This
left the single issue upon which the deci-
sion of this court rested to be the validity
of the 1962 election. As pointed out in this
court's opinion, if the 1962 election proceed-
ing included lands already within an in-
corporated area, that election would be in
contravention of § 15–138, W.S.1957, and
therefore illegal, invalid, and completely
null and void.

In consequence, even if the purported
newly discovered evidence could in a prop-
er proceeding be authenticated and the lands
involved shown to have been properly in-
cluded by dedication or other legal means,
within the limits of a town incorporated
as the Town of Pine Bluffs, the 1962 elec-

tion would still be illegal, invalid, and completely null and void. In other words, so far as the matter before this court at this time is concerned, the result is the same whether the 1909 incorporation established the town as shown by the 1886 plat as filed in the office of the county clerk and ex-officio register of deeds or as shown by the purported newly discovered map, which does not show on its face that it was ever filed in the office of the county clerk and ex-officio register of deeds of Laramie County, Wyoming. In fact, the town's petition for rehearing is an admission in and of itself that the 1962 election is void.

The petition for rehearing must be denied. However, what ultimate consequence may result when and if the purported newly discovered evidence is properly brought before the courts, we cannot now decide.

Denied.